**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter __11__

☐ Check if this an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Life Settlements Absolute Return I, LLC |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 26-2687992 |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2131 Woodruff Road Suite 2100-117 Greenville, SC 29607**  Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Greenville**  County | **Location of principal assets, if different from principal place of business**  **6th and Marquette Minneapolis, MN 55479**  Number, Street, City, State & ZIP Code |

5.  **Debtor's website** (URL)      n/a

6.  **Type of debtor**

   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

   ☐ Partnership (excluding LLP)

   ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ | _____ |
| | _____ | _____ | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| | Debtor | **Senior LS Holdings, LLC** | Relationship | **Wholly Owned Subsidiary** |
|---|---|---|---|---|
| | District | **Delaware** | When **12/29/17** | Case number, if known _____ |

**11. Why is the case filed in this district?**     Check all that apply:

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency    _____

          Contact name       _____

          Phone              _____

---

███  **Statistical and administrative information**

**13. Debtor's estimation of available funds**   .   Check one:

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | Life Settlements Absolute Return I, LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

 **Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/20/2017
                MM / DD / YYYY

X _____    Robert J. Davey, III
Signature of authorized representative of debtor    Printed name

Title    **Secretary/Treasurer**

**18. Signature of attorney**

X _____    Date  12/29/2017
Signature of attorney for debtor    MM / DD / YYYY

**Shane G. Ramsey**
Printed name

**Nelson Mullins Riley & Scarborough LLP**
Firm name

**150 Fourth Avenue, North**
**Suite 1100**
**Nashville, TN 37219**
Number, Street, City, State & ZIP Code

Contact phone  **(615) 664-5355**    Email address  **shane.ramsey@nelsonmullins.com**

035528    Tennessee
Bar number and State

**UNANIMOUS WRITTEN CONSENT OF
THE SOLE MEMBER, MANAGER, AND
INDEPENDENT MANAGER OF LIFE SETTLEMENTS
ABSOLUTE RETURN I, LLC**

**October 18, 2017**

The undersigned, being the Member, Manager, and Independent Manager (the "**Authorizing Parties**") of Life Settlements Absolute Return I, LLC ("**Company**"), a Delaware limited liability company and wholly-owned subsidiary of the Member, hereby take the following actions and adopt the following resolutions by written consent in accordance with the Delaware Limited Liability Company Act, 6 Del. C. Section 18-101, *et seq.,* and the Company's Amended and Restated Limited Liability Company Agreement:

**WHEREAS**, the Authorizing Parties have considered the financial and operational conditions of the Company's business; and

**WHEREAS**, the Authorizing Parties have reviewed the historical performance of the Company and the current and long-term liabilities of the Company; and

**WHEREAS**, the Authorizing Parties have concluded, after consulting with the Company's attorneys, Nelson Mullins Riley & Scarborough LLP ("**Nelson Mullins**"), and its other professional advisors (collectively with Nelson Mullins, the "**Company's Advisors**"), that the Company is in dire financial condition; and

**WHEREAS**, the Authorizing Parties have reviewed, considered, and received the recommendations and the advice of the Company's Advisors with respect to potential avenues for relief that are available to the Company, including the possibility of pursuing a restructuring of the Company's business and assets under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") or pursuing an alternative out of court restructuring; and

**WHEREAS**, the Authorizing Parties desire to hereby affirm that Robert J. Davey, III ("**Davey**") serves as the Secretary/Treasurer of the Company and Patrick E. Griffin serves as President of the Company; and

**WHEREAS**, the Authorizing Parties desire to delegate certain powers related to the Company Restructuring (as defined below) to Davey as further set forth herein.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Authorizing Parties, it is desirable and in the best interests of the Company, its Member, its creditors, and its stakeholders, that a voluntary petition (the "**Petition**") be filed by the Company under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware or an alternative out of court restructuring or other arrangement be investigated and pursued (collectively, with the Petition, the "**Company Restructuring**"); and

**FURTHER RESOLVED**, that the Authorizing Parties hereby delegate to Davey the authority to explore, investigate, and pursue the Company Restructuring or such other arrangement as Davey deems necessary to alleviate the Company's financial condition, and to take any and all action necessary in his sole discretion to accomplish the foregoing, including, but not limited to, executing an agreement to engage Nelson Mullins to assist with the Company Restructuring and paying an appropriate retainer related to the same, retaining other professional advisors, and liquidating life insurance policies; and

**FURTHER RESOLVED**, that the Company shall be, and it hereby is, directed and authorized to execute and file on behalf of the Company all petitions, schedules, lists and other papers or documents, and to take any and all action which it deems reasonable, advisable, expedient, convenient, necessary, or proper to obtain such relief; and

**FURTHER RESOLVED**, that the Authorizing Parties and any of their designees, including Davey (collectively the "**Designated Persons**"), be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company (i) to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware commencing a case (the "**Bankruptcy Case**") and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents, and (ii) to execute, verify, and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; and

**FURTHER RESOLVED**, that the law firm of Nelson Mullins be, and hereby is, authorized and empowered to represent the Company as its general bankruptcy counsel to represent and assist the Company in carrying out its duties under Title 11 of the United States Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Nelson Mullins (the "**Bankruptcy Services**"); and

**FURTHER RESOLVED**, that the law firm of BAYARD, P.A. be, and hereby is, authorized and empowered to represent the Company as local counsel for the Company to assist Nelson Mullins in carrying out the Bankruptcy Services; and

**FURTHER RESOLVED**, that the Designated Persons be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under Title 11 of the United States Code, and in connection therewith, the Designated Persons be and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of

the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed one or more appropriate applications for authority to retain the services of such firms; and

**FURTHER RESOLVED**, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed, and empowered from time to time in the name and on behalf of the Company, to perform the obligations of the Company under Title 11 of the United States Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the officer performing or executing the same shall approve, and the performance or execution thereof by such officer shall be conclusive evidence of the approval thereof by such officer and by the Company; and

**FURTHER RESOLVED**, that the Designated Persons be, and each of them acting alone or in any combination is, hereby authorized, directed, and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such officer may deem necessary, advisable, or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company under Title 11 of the United States Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form; and

**FURTHER RESOLVED**, that the Designated Persons be, and each of them acting alone is, hereby authorized, directed, and empowered from time to time in the name and on behalf of the Company, to adopt resolutions and otherwise exercise the rights and powers of the Company as such Designated Person may deem necessary, appropriate or desirable and that thereupon such resolutions shall be deemed adopted as and for the Company; and

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such actions were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved, and ratified; and

**FURTHER RESOLVED**, that this written consent may be executed (a) in multiple counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument, and (b) in the original or by facsimile (or other electronic transmission), which shall be deemed to be an original; and

**FURTHER RESOLVED**, that the Manager is hereby authorized and directed to include this written consent in the Company's record book.

[*Signatures are on following page*]

3

*[Signatures are on following page]*

**IN WITNESS WHEREOF,** the undersigned, being the Member, Manager, and Independent Manager of the Company, hereby consent to and evidence their approval of the foregoing actions as of the date first written above.

**MEMBER:**

**THE ATTILANUS FUND, I, L.P.**

By: ANYSIA FINANCIAL MANAGEMENT, LLC
     General Partner

By: _____
Name: Patrick. E Griffin
Title: President

**MANAGER:**

_____
Erin Pittman

**INDEPENDENT MANAGER:**

_____
Paul Bishop

4

*[Signatures are on following page]*

**IN WITNESS WHEREOF,** the undersigned, being the Member, Manager, and Independent Manager of the Company, hereby consent to and evidence their approval of the foregoing actions as of the date first written above.

**MEMBER:**

**THE ATTILANUS FUND, I, L.P.**

By: ANYSIA FINANCIAL MANAGEMENT, LLC
General Partner

By: _____
Name: <u>Patrick. E Griffin</u>
Title: <u>President</u>

**MANAGER:**

_____
Erin Pittman

**INDEPENDENT MANAGER:**

_____
Paul Bishop

4

*[Signatures are on following page]*

**IN WITNESS WHEREOF,** the undersigned, being the Member, Manager, and Independent Manager of the Company, hereby consent to and evidence their approval of the foregoing actions as of the date first written above.

**MEMBER:**

**THE ATTILANUS FUND, I, L.P.**

By: ANYSIA FINANCIAL MANAGEMENT, LLC
     General Partner

By: _____
Name: Patrick. E Griffin
Title: President

**MANAGER:**

_____
     Erin Pittman

**INDEPENDENT MANAGER:**

By _____
  Paul Bishop

4

**UNANIMOUS WRITTEN CONSENT**
**OF THE GENERAL PARTNER OF**
**THE ATTILANUS FUND I, L.P.**
**October 18, 2017**

The undersigned Anysia Financial Management, LLC, a Delaware limited liability company (the "**General Partner**"), being the general partner of The Attilanus Fund I, L.P., a Delaware limited partnership (the "**Company**"), hereby takes the following actions and adopts the following resolutions by written consent in accordance with the Delaware Limited Partnership Act, 6 Del. C. Section 17-101, *et seq.*, and the Company's limited partnership agreement:

<u>**Corporate Restructuring**</u>

**WHEREAS**, the General Partner is the Company's general partner and is responsible for the management of the Company; and

**WHEREAS**, the Company is the sole member of Life Settlements Absolute Return I, LLC, a Delaware limited liability company ("**LSAR**"); and

**WHEREAS**, the General Partner on behalf of the Company has considered the financial and operational conditions of LSAR; and

**WHEREAS**, the General Partner on behalf of the Company has reviewed the historical performance of LSAR and the current and long-term liabilities of LSAR; and

**WHEREAS**, the General Partner on behalf of the Company has concluded, after consulting with LSAR's attorneys, Nelson Mullins Riley & Scarborough LLP ("**Nelson Mullins**"), and LSAR's other professional advisors (collectively with Nelson Mullins, the "**Company's Advisors**"), that LSAR is in dire financial condition; and

**WHEREAS**, the General Partner on behalf of the Company has reviewed, considered, and received the recommendations and the advice of LSAR's Advisors with respect to potential avenues for relief that are available to LSAR, including the possibility of pursuing a restructuring of LSAR's business and assets under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") or pursuing an alternative out of court restructuring.

**NOW THEREFORE, BE IT RESOLVED**, that, in the judgment of the General Partner, it is desirable and in the best interests of LSAR, the Company, LSAR's creditors, and LSAR's stakeholders, that a voluntary petition (the "**Petition**") be filed by LSAR under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Case**") or an alternative out of court restructuring or other arrangement be investigated and pursued (collectively, with the Bankruptcy Case, the "**Company Restructuring**"); and

**FURTHER RESOLVED**, that the Company, through the General Partner and its officers are, and each of them hereby is, authorized and directed (a) to negotiate, execute, deliver and perform, and to execute or obtain and deliver any documents, resolutions,

instruments or certificates to be executed in connection with the Company Restructuring, in the name and on behalf of the Company, in substantially the same form as the General Partner and any such officers shall approve, the execution of such documents by the General Partner and any such officers being conclusive evidence of such approval; and (b) to take such actions, including the execution, delivery and filing of any additional documents, resolutions, instruments and certificates, in the name and on behalf of the Company, as any of them may deem necessary or advisable in order to give effect to the foregoing, to satisfy and carry out the conditions and covenants set forth therein, to carry out on behalf of the Company the transactions contemplated thereby and otherwise effect the purpose of these resolutions; and

**FURTHER RESOLVED**, that each and every transaction contemplated pursuant to the foregoing resolutions is, and said transactions hereby are, authorized, confirmed and ratified in all respects; and

**FURTHER RESOLVED**, that any resolution of the Company which is necessary or appropriate in connection with the transactions contemplated hereby shall be deemed to have been adopted by the Company as of the date hereof and may be so certified by the General Partner and any of its officers.

## General Authority

**BE IT RESOLVED**, that any and all past actions taken by the General Partner or its officers, or any of them, on behalf of the Company, in furtherance of the foregoing prior to the date of this Unanimous Written Consent, including, but not limited to, approving the filing of the Petition, be and hereby are in all respects ratified, approved and confirmed; and

**FURTHER RESOLVED**, that the General Partner (through its officers, Patrick E. Griffin or Robert J. Davey, III, or any one of them) is authorized and directed, in the name and on behalf of the Company, to take any and all actions which shall in the judgment of the General Partner be necessary, appropriate or advisable, to pay all proper expenses, and to execute, deliver, file and publish all such applications, statements, reports, undertakings, agreements and other instruments as the General Partner may deem necessary, appropriate or advisable in order to effectuate the intent and purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, that this Unanimous Written Consent may be executed (a) in multiple counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument, and (b) in the original or by facsimile (or other electronic transmission), which shall be deemed to be an original; and

**FURTHER RESOLVED**, that the General Partner is hereby authorized and directed to include this Unanimous Written Consent in the Company's record book.

*[Signature is on following page]*

**IN WITNESS WHEREOF**, the undersigned, being the General Partner of the Company, hereby consents to and evidences its approval of the foregoing actions as of the date first written above.

ANYSIA FINANCIAL MANAGEMENT, LLC

By: Patrick E. Griffin
Its:  President

3

**UNANIMOUS WRITTEN CONSENT
OF THE DIRECTORS OF
ANYSIA FINANCIAL MANAGEMENT, LLC
October 18, 2017**

The undersigned, being all of the directors (the "**Directors**") of Anysia Financial Management, LLC, a Delaware limited liability company (the "**General Partner**"), hereby take the following actions and adopt the following resolutions by written consent in accordance with the Delaware Limited Liability Company Act, 6 Del. C. 18-101, *et seq.*, and the General Partner's operating agreement:

**Corporate Restructuring**

WHEREAS, the General Partner is the general partner of The Attilanus Fund I, L.P., a Delaware limited partnership (the "**Company**"), and is responsible for the management of the Company; and

WHEREAS, the Directors are responsible for the management of the General Partner; and

WHEREAS, the Company is the sole member of Life Settlements Absolute Return I, LLC, a Delaware limited liability company ("**LSAR**"); and

WHEREAS, the General Partner on behalf of the Company has considered the financial and operational conditions of LSAR; and

WHEREAS, the General Partner on behalf of the Company has reviewed the historical performance of LSAR and the current and long-term liabilities of LSAR; and

WHEREAS, the General Partner on behalf of the Company has concluded, after consulting with LSAR's attorneys, Nelson Mullins Riley & Scarborough LLP ("**Nelson Mullins**"), and LSAR's other professional advisors (collectively with Nelson Mullins, the "**Company's Advisors**"), that LSAR is in dire financial condition; and

WHEREAS, the General Partner on behalf of the Company has reviewed, considered, and received the recommendations and the advice of LSAR's Advisors with respect to potential avenues for relief that are available to LSAR, including the possibility of pursuing a restructuring of LSAR's business and assets under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") or pursuing an alternative out of court restructuring.

**NOW THEREFORE, BE IT RESOLVED**, that, in the judgment of the Directors, it is desirable and in the best interests of LSAR, the Company, LSAR's creditors, and LSAR's stakeholders, that a voluntary petition (the "**Petition**") be filed by LSAR under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Case**") or an alternative out of court restructuring or other arrangement be investigated and pursued (collectively, with the Bankruptcy Case, the "**Company Restructuring**"); and

1

**FURTHER RESOLVED**, that the Company, through the General Partner and its officers are, and each of them hereby is, authorized and directed (a) to negotiate, execute, deliver and perform, and to execute or obtain and deliver any documents, resolutions, instruments or certificates to be executed in connection with the Company Restructuring, in the name and on behalf of the Company, in substantially the same form as the General Partner and any such officers shall approve, the execution of such documents by the General Partner and any such officers being conclusive evidence of such approval; and (b) to take such actions, including the execution, delivery and filing of any additional documents, resolutions, instruments and certificates, in the name and on behalf of the Company, as any of them may deem necessary or advisable in order to give effect to the foregoing, to satisfy and carry out the conditions and covenants set forth therein, to carry out on behalf of the Company the transactions contemplated thereby and otherwise effect the purpose of these resolutions; and

**FURTHER RESOLVED**, that each and every transaction contemplated pursuant to the foregoing resolutions is, and said transactions hereby are, authorized, confirmed and ratified in all respects; and

**FURTHER RESOLVED**, that any resolution of the Company which is necessary or appropriate in connection with the transactions contemplated hereby shall be deemed to have been adopted by the Company as of the date hereof and may be so certified by the General Partner and any of its officers.

**General Authority**

**BE IT RESOLVED**, that any and all past actions taken by the General Partner or its officers, or any of them, on behalf of the Company, in furtherance of the foregoing prior to the date of this Unanimous Written Consent, including, but not limited to, approving the filing of the Petition, be and hereby are in all respects ratified, approved and confirmed; and

**FURTHER RESOLVED**, that the General Partner (through its officers, Patrick E. Griffin or Robert J. Davey, III, or any one of them) is authorized and directed, in the name and on behalf of the General Partner and the Company, to take any and all actions which shall in the judgment of the General Partner be necessary, appropriate or advisable, to pay all proper expenses, and to execute, deliver, file and publish all such applications, statements, reports, undertakings, agreements and other instruments as the General Partner may deem necessary, appropriate or advisable in order to effectuate the intent and purposes of the foregoing resolutions; and

**FURTHER RESOLVED**, that this Unanimous Written Consent may be executed (a) in multiple counterparts, each of which shall constitute an original, but all of which shall constitute one and the same instrument, and (b) in the original or by facsimile (or other electronic transmission), which shall be deemed to be an original; and

**FURTHER RESOLVED**, that the General Partner is hereby authorized and directed to include this Unanimous Written Consent in the Company's record book.

[*Signatures are on following page*]

2

**IN WITNESS WHEREOF**, the undersigned, being all of the Directors of the General Partner, hereby consent to and evidence their approval of the foregoing actions as of the date first written above.

**DIRECTORS OF ANYSIA FINANCIAL MANAGEMENT, LLC:**

_____
Ron P. Klink


_____
Patrick E. Griffin


_____
Robert J. Davey, III

4

**IN WITNESS WHEREOF**, the undersigned, being all of the Directors of the General Partner, hereby consent to and evidence their approval of the foregoing actions as of the date first written above.

**DIRECTORS OF ANYSIA FINANCIAL MANAGEMENT, LLC:**

_____
Ron P. Klink

_____
Patrick E. Griffin

_____
Robert J. Davey, III

4

IN WITNESS WHEREOF, the undersigned, being all of the Directors of the General Partner, hereby consent to and evidence their approval of the foregoing actions as of the date first written above.

DIRECTORS OF ANYSIA FINANCIAL MANAGEMENT, LLC:

_____
Ron P. Klink

_____
Patrick E. Griffin

_____
Robert J. Davey, III

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| LIFE SETTLEMENTS ABSOLUTE RETURN I, LLC,[1] | Case No. 17-_____  (    ) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(A)(1)**

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the following is a corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of the Debtor Life Settlements Absolute Return I, LLC's outstanding equity interests:

| **Owner** | **Percentage of Ownership Interest** |
|---|---|
| The Attilanus Fund I, L.P. | 100% |

---

[1] The Debtor in this chapter 11 case, together with the last four digits of the Debtor's federal tax identification number, is as follows: Life Settlements Absolute Return I, LLC (7992). The mailing address for the Debtor, solely for purposes of notices and communications, is: 2131 Woodruff Road, Suite 2100-117, Greenville, South Carolina 29607, with copies to Nelson Mullins Riley & Scarborough, LLP, c/o Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN 37219 and Bayard, P.A., c/o Evan T. Miller, 600 N. King Street, Suite 400, Wilmington, DE 19801.

## **DECLARATION UNDER PENALTY OF PERJURY**

I, Robert J. Davey, III, the Secretary/Treasurer of Life Settlements Absolute Return I, LLC, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Executed this 29th day of December, 2017

Signature: _/s/ Robert J. Davey, III_
Robert J. Davey, III
Secretary/Treasurer

{BAY:03159082v2}

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Life Settlements Absolute Return I, LLC** |
| United States Bankruptcy Court for the: | **DISTRICT OF DELAWARE** |
| Case number (if known): | |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim amount. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Beaver County Pension Plan 800 Third Street Beaver, PA 15009** | | **Mezzanine Notes** | | **$14,000,000.00** | **$0.00** | **$14,000,000.00** |
| **Eastman Retirement Assistance Plan Trust c/o Elaine Stallworth Washington 100 N. Eastman Road Kingsport, TN 37760** | | **Mezzanine Notes** | | **$1,000,000.00** | **$0.00** | **$1,000,000.00** |
| **Ensign Peak Advisors, Inc. 50 East North Temple Fl 15 Salt Lake City, UT 84150** | | **Preference Notes** | | **$73,800,000.00** | **$0.00** | **$68,700,000.00** |
| **The Attilanus Fund I, LP 2131 Woodruff Road Suite 2100-117 Greenville, SC 29607** | | **Residual Notes** | | **$110,222,499.00** | **$0.00** | **$110,222,499.00** |
| **The Attilanus Fund I, LP 2131 Woodruff Road Suite 2100-117 Greenville, SC 29607** | | **Mezzanine Notes** | | **$8,600,000.00** | **$0.00** | **$8,600,000.00** |
| **The Berwyn Group 2 Summit Park Drive Suite 610 Independence, OH 44131** | | **Trade Debt** | | | | **$0.00** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor   **Life Settlements Absolute Return I, LLC**                    Case number *(if known)* _____
         Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Vertical Capital Holdings, LLC 460 St. Michaels Dr. Suite 703 Santa Fe, NM 87505** | | **Trade Debt** | | | | **$0.00** |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| LIFE SETTLEMENTS ABSOLUTE RETURN I, LLC, | Case No. 17-_____ (   ) |
| Debtor.[1] | |

## DECLARATION REGARDING THE LIST OF
## CREDITORS HOLDING THE TWENTY LARGEST
## UNSECURED CLAIMS AGAINST THE DEBTOR

I, Robert J. Davey, III, the Secretary/Treasurer of Life Settlements Absolute Return I, LLC, declare under penalty of perjury that I have read the foregoing List of Creditors Holding the Twenty Largest Unsecured Claims Against the Debtor and that it is true and correct to the best of my information and belief.

Executed this 29th day of December 2017

Signature: */s/ Robert J. Davey, III*
Robert J. Davey, III
Secretary/Treasurer

---

[1] The Debtor in this chapter 11 case, together with the last four digits of the Debtor's federal tax identification number, is as follows: Life Settlements Absolute Return I, LLC (7992). The mailing address for the Debtor, solely for purposes of notices and communications, is: 2131 Woodruff Road, Suite 2100-117, Greenville, South Carolina 29607, with copies to Nelson Mullins Riley & Scarborough, LLP, c/o Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN 37219 and Bayard, P.A., c/o Evan T. Miller, 600 N. King Street, Suite 400, Wilmington, DE 19801.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| LIFE SETTLEMENTS ABSOLUTE RETURN I, LLC, | Case No. 17-_____ (   ) |
| Debtor.[1] | |

## LIST OF EQUITY SECURITY HOLDERS

The above-captioned debtor in this chapter 11 case filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code.  The below list is the list of Life Settlements Absolute Return I, LLC's equity security holders, which was prepared in accordance with Rule 1007(a) of the Federal Rules of Bankruptcy Procedure:

| Equity Security Holder | Percentage of Equity Interest | Address |
|---|---|---|
| The Attilanus Fund I, L.P. | 100% | 2131 Woodruff Road Suite 2100-117 Greenville, South Carolina 29607 |

---

[1]  The Debtor in this chapter 11 case, together with the last four digits of the Debtor's federal tax identification number, is as follows: Life Settlements Absolute Return I, LLC (7992).  The mailing address for the Debtor, solely for purposes of notices and communications, is: 2131 Woodruff Road, Suite 2100-117, Greenville, South Carolina 29607, with copies to Nelson Mullins Riley & Scarborough, LLP, c/o Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN 37219 and Bayard, P.A., c/o Evan T. Miller, 600 N. King Street, Suite 400, Wilmington, DE 19801.

{BAY:03159082v2}

## **DECLARATION UNDER PENALTY OF PERJURY**

I, Robert J. Davey, III, the Secretary/Treasurer of Life Settlements Absolute Return I, LLC, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.

Executed this 29th day of December, 2017

Signature: */s/ Robert J. Davey, III*
Robert J. Davey, III
Secretary/Treasurer
