### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LIFE SETTLEMENTS ABSOLUTE<br>RETURN I, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-13030 (MFW)<br>(Jointly Administered)<br><br>**Related D.I.:** 4, 7, 26, 40 |

### FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 345, 363(B), AND 363(C) FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORING THE DEBTORS TO (A) CONTINUE EXISTING CASH MANAGEMENT SYSTEM AND (B) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS

Upon the motion, (the "**Motion**"),[2] of Life Settlements Absolute Return I, LLC and Senior LS Holdings, LLC, as debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to sections 105(a), 345, 363(b), and 363(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) for authority to (a) continue operating their existing cash management system (the "**Cash Management System**"), as described in the Motion, including the continued maintenance of existing bank accounts (the "**Bank Accounts**") at the existing banks (the "**Banks**") consistent with their prepetition practices and maintaining existing business forms, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the *Declaration*

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Life Settlements Absolute Return I, LLC (7992) and Senior LS Holdings, LLC (5731). The mailing address for the Debtors, solely for purposes of notices and communications, is: 2131 Woodruff Road, Suite 2100-117, Greenville, South Carolina 29607, with copies to Nelson Mullins Riley & Scarborough, LLP, c/o Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN 37219 and Bayard, P.A., c/o Evan T. Miller, 600 N. King Street, Suite 400, Wilmington, DE 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

{BAY:03191379v3}

*of Shane G. Ramsey Regarding Compliance with Rule 4001-3 in Support of Motion of Debtors for Entry of a Final Order Authorizing Debtors to (A) Continue Existing Cash Management System and (B) Maintain Existing Bank Accounts and Business Forms* [D.I. 40]; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been provided to the parties listed therein pursuant to Local Rule 9013-1(m)(iii); and this Court having reviewed the Motion; and this Court having held a hearing on the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and this Court having entered the Interim Order on January 5, 2018 [D.I. 26]; and is in the best interests of the Debtors, their estates, creditors, and all parties in interests; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized and empowered, pursuant to sections 363(c)(1) and 105(a) of the Bankruptcy Code, to continue using the Cash Management System maintained by the Debtors before the commencement of these Chapter 11 Cases,

and to collect, concentrate, and disburse cash in accordance with that Cash Management System.

3. The Debtors shall maintain accurate and detailed records of all transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions.

4. The Debtors shall continue, in the ordinary course of business, to maintain all receipts and disbursements and records of all transfers within the Cash Management System utilized postpetition so that all postpetition transfers and transactions will be properly documented.

5. Provided that the Bank Accounts are FDIC-insured, the Debtors are authorized to: (i) designate, maintain and continue to use any or all of its existing Bank Accounts, including those listed in the Motion hereof, in the names and with the account numbers existing immediately prior to the Petition Date; (ii) deposit funds in and withdraw funds from such accounts by all usual means including, without limitation, checks, drafts, wire transfers, automated clearinghouse ("**ACH**") payments, and other debits; (iii) pay any Bank Fees or charges associated with the Bank Accounts; and (iv) treat prepetition Bank Accounts for all purposes as debtor in possession accounts.

6. To the extent that the Bank Accounts are money market accounts, the Court finds and determines that the requirements set forth in Local Rule 4001-3 have been satisfied.

7. The Banks are authorized to charge, and the Debtors are authorized to pay or honor, both prepetition and postpetition service and other fees, costs, charges and expenses to which the Banks may be entitled in the ordinary course under the terms of

and in accordance with their contractual arrangements with the Debtors (including, without limitation, any fees, costs, charges and expenses arising from any "stop payment"). The Debtors are authorized to promptly reimburse the Banks for any claims, whether arising under their contractual arrangement and account documentation with the Debtors or otherwise or prior to or after the Petition Date, in connection with any returned items to the Bank Accounts in the normal course of business. Further, the Banks are authorized to "charge back" to the Bank Accounts any amounts incurred by the Bank resulting from returned checks or other returned items in accordance with their contractual arrangements with the Debtors, and the Debtors are authorized to pay promptly any fees and expenses owed to the Banks, in each case regardless of whether such items were deposited prepetition or postpetition or relate to prepetition or postpetition items.

8. Except as otherwise provided in this Order, all Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wire transfers, ACH payments or other debits drawn on any of the Bank Accounts after the Petition Date by the holders or makers thereof, to the extent funds are available as the case may be.

9. Any payment from a Bank Account made by any of the Banks arising from a request of the Debtors or a third-party payee in connection with an electronic transfer made prior to or on the Petition Date (including any ACH transfer such Bank is or becomes obligated to settle) shall be deemed to be paid prepetition if the funds have left the Debtors' Bank Accounts prepetition.

10. Nothing contained herein shall prevent the Debtors from closing any Bank Account(s) as it may deem necessary and appropriate, and any relevant Bank is authorized to honor the Debtors' requests to close such Bank Accounts, and the Debtors shall give notice of the closure of any account to the U.S. Trustee. Specifically regarding the Litigation Account, the Debtors are authorized to close the Litigation Account and Wells Fargo is directed, upon such closure, to place the funds from the Litigation Account into the Collection Account.

11. The Debtors are authorized to open new bank accounts; *provided*, that all accounts opened by any of the Debtors on or after the Petition Date at any bank shall, for purposes of this Order, be deemed a Bank Account as if it had been listed in the Motion; *provided, further*, that (a) any such new Bank Account shall be opened at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at a bank that is willing to immediately execute such an agreement, (b) any such new Bank account shall be designated a "Debtor in Possession" account by the relevant bank, and (c) such opening shall be timely indicated on the Debtors' monthly operating report and notice of such opening shall be provided within fifteen (15) days to the U.S. Trustee and counsel to any statutory committee appointed in these Chapter 11 Cases. Further, the U.S. Trustee's rights are fully reserved in the event a new Bank Account does not execute a Uniform Depository Agreement.

12. For all Banks at which the Debtors maintain Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Order, the Debtors shall (i) contact each such Bank, (ii) provide each such Bank with the Debtors' employee identification numbers, and (iii) identify each of its

Bank Accounts held at such Banks as being held by a debtor in possession in a chapter 11 case.

13. The Debtors are authorized to use their existing Business Forms without alteration, provided that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Order.

14. Despite use of a consolidated Cash Management System for both Debtor entities, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements.

15. Nothing contained in this Order or in the Motion is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise any payment made pursuant to this Order is not intended to be and shall not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

16. To the extent applicable, the Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

17. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

18. Notwithstanding the provisions of Bankruptcy Rules 4001(a)(2) and 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

20. This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: ~~January~~ Feb. 1, 2018
Wilmington, Delaware

*/s/ Mary F. Walrath*
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE