# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LIFE SETTLEMENTS ABSOLUTE RETURN I, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-13030 (MFW)<br>(Jointly Administered) |

### *AMENDED*[2] NOTICE OF AGENDA OF MATTER SCHEDULED FOR HEARING ON FEBRUARY 19, 2019 AT 2:00 P.M. (ET)[3]

**I.  RESOLVED MATTER**

1. Debtor's Fourth Motion for an Order Extending Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptance Thereto Pursuant to Section 1121 (d) of the Bankruptcy Code [Date Filed: 1/14/2019; D.I. 255]

    Related Documents:

    a. Certificate of No Objection Regarding Debtor's Fourth Motion for an Order Extending Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptance Thereto Pursuant to Section 1121 (d) of the Bankruptcy Code [Date Filed: 1/29/2019; D.I. 262]

    b. Fourth Order Extending Debtor's Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptance Thereto Pursuant to Section 1121 (d) of the Bankruptcy Code [Date Entered: 1/30/2019; D.I. 267]

    Response Deadline:    January 28, 2019 at 4:00 p.m. (ET)

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Life Settlements Absolute Return I, LLC (7992) and Senior LS Holdings, LLC (5731). The mailing address for the Debtors, solely for purposes of notices and communications, is: 6550 Rivers Avenue, Suite 105 #81921, North Charleston, SC 29406-4829, with copies to Nelson Mullins Riley & Scarborough, LLP, c/o Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN 37219 and Bayard, P.A., c/o Evan T. Miller, 600 N. King Street, Suite 400, Wilmington, DE 19801.

[2] **Amended Items appear in bold.**

[3] Please note that the hearing is before the Honorable Mary F. Walrath in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 4, Wilmington, Delaware 19801. Any person who wishes to appear must contact COURTCALL, LLC at 866-582-6878 no later than the time of the hearing.

Responses Received:

    a. None

Status:    An Order was entered regarding this matter [D.I. 267]. Accordingly, no hearing is required.

## II. MATTERS GOING FORWARD

2. Motion of Debtors for Entry of Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Continue Paying Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Filed: 12/29/2017; D.I. 6]

    Related Documents:

    a. Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 1/05/2018; D.I. 27]

    b. Second Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 2/07/2018; D.I. 64]

    c. Third Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 3/08/2018; D.I. 78]

    d. Fourth Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 4/09/2018; D.I. 99]

    e. Fifth Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 5/14/2018; D.I. 117]

    f. Sixth Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 6/20/2018; D.I. 142]

g. Seventh Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 7/25/2018; D.I. 157]

h. Eighth Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 8/28/2018; D.I. 178]

i. Ninth Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 9/26/2018; D.I. 201]

j. Tenth Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 11/1/2018; D.I. 216]

k. Eleventh Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 12/12/2018; D.I. 243]

l. Twelfth Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Date Entered: 1/14/2019; D.I. 253]

m. **Certification of Counsel Regarding Debtors' Proposed Thirteenth Interim Order (I) Authorizing the Debtors' Use of Cash Collateral, (II) Authorizing Debtors to Pay Insurance Premiums and to Satisfy Certain Obligations in Respect of the Insurance Policies, and (III) Scheduling a Final Hearing [Dated Filed: 2/15/2019; D.I. 286]**

Response Deadline:    February 12, 2019 at 4:00 p.m. (ET)

Responses Received:

a. No filed responses. Informal responses from (i) the U.S. Trustee; (ii) the Employees' Retirement System of the Government of the Virgin Islands ("GERS"); and (iii) Ensign Peak Advisors, Inc. ("Ensign Peak").

Status:    **The Debtors have submitted a consensual thirteenth interim cash collateral order under Certificate of Counsel.**

3. Motion Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Bankruptcy Rules 2002, 6004 and 6006 for (I) Entry of an Order (A) Establishing Bid and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned; and (E) Granting Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases [Date Filed: 1/29/2019; D.I. 265]

Related Documents:

a. Notice of Substitution of Stalking Horse, Revised Bid Procedures, and Revised Orders Related to Same [Date Filed: 2/14/2019; D.I. 281]

Response Deadline:    February 12, 2019 at 4:00 p.m. (ET) (extended as to the U.S. Trustee **until the time of the Hearing and extended as to** GERS, and Ensign Peak to February 14, 2019 at 12:00 p.m. (ET))

Responses Received:

a. Informal comments from the U.S. Trustee

b. Response of Wells Fargo Bank, N.A. to the Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Bankruptcy Rules 2002, 6004 and 6006 for (I) Entry of an Order (A) Establishing Bid and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned; and (E) Granting Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases [Date Filed: 2/12/2019; D.I. 273]

c. Objection of Ensign Peak Advisors, Inc. to Debtors' Bidding Procedures Motion [Date Filed: 2/14/2019; D.I. 278]

d. The Government Employees' Retirement System of the Virgin Islands f/k/a the Employees' Retirement System of the Government of the Virgin Islands' Limited Objection to the Debtor's Motion Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Bankruptcy Rules 2002, 6004 and 6006 for (I) Entry of an Order (A) Establishing Bid and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for

Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned; and (E) Granting Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases [Date Filed: 2/14/2019; D.I. 279]

e. **Debtors' Motion for Leave to File Late Reply to Objections to and in Support Of Debtors' Motion Pursuant To 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Bankruptcy Rules 2002, 6004 and 6006 for (I) Entry of an Order (A) Establishing Bid and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned; and (E) Granting Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially all of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances and Interests; and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases [Date Filed: 2/15/2019; D.I 287]**

Status:    This matter is going forward.

[*Signature page to follow*]

| | |
|---|---|
| Dated:  February 1**5**, 2019<br>        Wilmington, Delaware | BAYARD, P.A.<br><br>*/s/ Evan T. Miller*<br>Evan T. Miller (No. 5364)<br>Sophie E. Macon (No. 6562)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>E-mail:  emiller@bayardlaw.com<br>             smacon@bayardlaw.com<br>- and - |
| B. Keith Poston *(admitted pro hac vice)*<br>NELSON, MULLINS, RILEY &<br>SCARBOROUGH LLP<br>1320 Main Street<br>Columbia, SC 29201<br>Phone: (803) 255-9518<br>Facsimile: (803) 255-9038<br>E-Mail: keith.poston@nelsonmullins.com | Shane G. Ramsey *(admitted pro hac vice)*<br>John T. Baxter *(admitted pro hac vice)*<br>NELSON, MULLINS, RILEY &<br>SCARBOROUGH LLP<br>150 Fourth Avenue, North, Suite 1100<br>Nashville, TN  37219<br>Phone: (615) 664-5355<br>Facsimile: (615) 664-5399<br>E-Mail:  shane.ramsey@nelsonmullins.com<br>              john.baxter@nelsonmullins.com<br><br>*Counsel to the Debtors and Debtors in Possession* |