IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LIFE SETTLEMENTS ABSOLUTE<br>RETURN I, LLC, *et al.*,[1]<br><br>                          Debtors. | Chapter 11<br><br>Case No. 17-13030 (MFW)<br>(Jointly Administered)<br><br>**Re: Docket No. 359** |

**MOTION TO SHORTEN NOTICE AND SCHEDULE AN EXPEDITED HEARING
REGARDING AMENDED MOTION OF THE SETTLEMENT GROUP, INC. FOR
ENTRY OF AN ORDER AUTHORIZING THE SURCHARGE OF SECURED
CREDITOR'S COLLATERAL (PROCEEDS OF SALE OF DEBTORS' ASSETS)**

The Settlement Group, Inc. ("TSG"), by its undersigned counsel, files this motion (the "Motion to Shorten") for entry of an order to shorten notice and schedule an expedited hearing on the *Amended Motion of The Settlement Group, Inc. for Entry of an Order Authorizing the Surcharge of Secured Creditor's Collateral (Proceeds of Sale of Debtors' Assets)* [Docket No. 359] (the "Surcharge Motion"). In support of this Motion to Shorten, TSG respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought herein are Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1(c) and 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Life Settlements Absolute Return I, LLC (7992) and Senior LS Holdings, LLC (5731).

**BACKGROUND**

1. On December 29, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "Chapter 11 Cases"). On the same day, the Debtors filed a motion directing joint administration of the Chapter 11 Cases. On January 5, 2018, the Court entered an order directing the joint administration of the Chapter 11 Cases.

2. On January 29, 2019, The Debtors filed the *Motion Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Bankruptcy Rules 2002, 6004 and 6006 for (I) Entry of an Order (A) Establishing Bid and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned; and (E) Granting Related Relief; and (II) Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 265] (the "Bid Procedures Motion").

3. After the filing of the Bid Procedures Motion, the Debtors designated TSG as the replacement stalking horse bidder for the Debtors' assets. On February 19, 2019, a hearing was held on the Bid Procedures Motion. As a result of the hearing, on February 26, 2019 the Court entered the *Order Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Fed. R. Bankr. P. 2002, 6004 and 6006 (A) Establishing Bid and Auction Procedures for the Proposed Sale of Substantially All of the Debtors' Assets; (B) Approving the Purchase and Sale Agreement; (C) Approving Related Bid Protections; (D) Scheduling an Auction and a Sale Hearing and*

*Approving Notice Thereof; (E) Approving Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned and Notice Thereof; and (F) Granting Related Relief* [Docket No. 311] (the "Bid Procedures Order").

4. The Bid Procedures Order provides, among other things, that (i) TSG is allowed and granted a break-up fee plus expense reimbursement as an administrative expense pursuant to 11 U.S.C. § 503(b)(1) in an amount not to exceed $300,000, and (ii) TSG may seek to have the break-up fee and expense reimbursement paid as part of any closing on the sale pursuant to 11 U.S.C. § 506(c) or any such other applicable means. *See* Bid Procedures Order at ¶¶5-6.

5. As set forth in the *Notice of Amounts of Break-Up fee and Expense Reimbursement of The Settlement Group, Inc.* [Docket No. 357] (the "Fee Notice"), TSG incurred surchargeable expenses of not less than $380,698.16.

6. On April 18, 2019, TSG filed its original motion to surcharge and on April 19, 2019 TSG filed the amended Surcharge Motion.

7. The Sale Hearing is currently scheduled for April 30, 2019 at 10:30 a.m.

**RELIEF REQUESTED**

8. TSG respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (a) shortening the notice period for approval of the relief sought by the Surcharge Motion under Bankruptcy Rule 9006 and Local Rules 9006-1(c) and 9006-1(e); (b) setting an expedited hearing on the relief sought by the Surcharge Motion such that it be heard at the same time as the Sale Hearing on **April 30, 2019 at 10:30 a.m. (ET)**; (c) requiring that any objections to the relief sought by the Surcharge Motion must be filed and served so as to be received by the undersigned counsel by **April 28, 2019 at 4:00 p.m. (ET)**; and (d) granting to TSG such other and further relief as is just.

**BASIS FOR RELIEF REQUESTED**

9. Local Rule 9006-1(c) requires that all motions papers be filed and served at least 18 days prior to a hearing date scheduled for such motion, and 21 days if notice is given by mail, unless the Bankruptcy Rules state otherwise.

10. Local Rule 9006-1(e) permits scheduling on shortened notice on written motion specifying the exigencies justifying such request.

11. Here, there is ample cause to grant this Motion to Shorten. The Court's Bid Procedures Order, entered on February 26, 2019, expressly contemplates that the "Court will determine all disputes relating to the Break-Up Fee and Expense Reimbursements at the Sale Hearing, including whether such expenses are payable at the closing of any sale of the Property pursuant to 11 U.S.C. § 506(c)." *See* Bid Procedures Order at ¶6. The Bid Procedures Order also provides that the deadline to submit documentation in support of the break-up fee and expense reimbursement is April 18, 2019 and that objections would be due within 10 days after documenting such expenses (i.e., by April 28, 2019) "but in all cases prior to the Sale Hearing." Because the Court expressly contemplated the expedited timeframe within the context of the Bid Procedures Order and because the relief requested herein will not cause prejudice to any party as all interested parties have been on notice that TSG might be seeking the relief requested in the Surcharge Motion for several weeks, TSG submits that the Motion to Shorten should be granted.

12. Pursuant to Local Rule 9006-1(e), this Court may rule on this Motion to Shorten without the need for a hearing, and TSG requests that this Motion to Shorten be granted without further hearing.

WHEREFORE, for the foregoing reasons, TSG respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (i) shortening the notice period

for approval of the relief sought by the Surcharge Motion under Bankruptcy Rule 9006 and Local Rules 9006-1(c) and 9006-1(e); (ii) setting an expedited hearing on the relief sought by the Surcharge Motion such that it be heard at the same time as the Sale Hearing on **April 30, 2019 at 10:30 a.m. (ET)**; (iii) requiring that any objections to the relief sought by the Surcharge Motion must be filed and served so as to be received by the undersigned counsel by **April 28, 2019 at 4:00 p.m. (ET)**; and (iv) granting to TSG such other and further relief as is just.

Dated:   April 19, 2019
         Wilmington, Delaware

Respectfully submitted,

BARNES & THORNBURG LLP

*/s/ Kevin G. Collins*
David M. Powlen (DE Bar No. 4978)
Kevin G. Collins (DE Bar No. 5149)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 300-3434
Facsimile: (302) 300-3456
Email: David.Powlen@btlaw.com
Email: Kevin.Collins@btlaw.com

-and-

PRONSKE & KATHMAN, P.C.

Gerrit M. Pronske (*pro hac vice*)
Jason P. Kathman (*pro hac vice*)
2701 Dallas Pkwy, Suite 590
Plano, Texas 75093
Telephone: (214) 658-6500
Facsimile: (214) 658-6509
Email: gpronske@pgkpc.com
Email: jkathman@pgkpc.com

*COUNSEL FOR*
*THE SETTLEMENT GROUP, INC.*

5