IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>LIFE SETTLEMENTS ABSOLUTE<br>RETURN I, LLC, *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 17-13030 (MFW)<br>(Jointly Administered)<br><br>**Hearing Date: 5/29/2019 @ 10:30 AM (ET)**<br>**Obj. Deadline: 5/6/2019 @ 4:00 PM (ET)** |

**DEBTORS' FIFTH MOTION FOR AN ORDER EXTENDING EXCLUSIVE
PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors-in-possession (the "**Debtors**") hereby move this Court (the "**Motion**"), pursuant to section 1121(d) of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rule 9006 the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry of an order, substantially in the form annexed hereto as **Exhibit A**, extending, for a fifth time, the Debtors' exclusive periods to file a chapter 11 plan or plans (the "**Exclusive Filing Period**") and to solicit acceptances of such plan(s) (the "**Exclusive Solicitation Period**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**") for approximately 60 additional days through and including June 29, 2019, and August 29, 2019, respectively, which extends the Exclusive Periods to the fullest extent permitted pursuant to sections

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Life Settlements Absolute Return I, LLC (7992) and Senior LS Holdings, LLC (5731). The mailing address for the Debtors, solely for purposes of notices and communications, is: 6650 Rivers Avenue Suite 105 #81921, North Charleston, SC 29406-4829, with copies to Nelson Mullins Riley & Scarborough, LLP, c/o Shane G. Ramsey, 150 Fourth Avenue North, Suite 1100, Nashville, TN 37219 and Bayard, P.A., c/o Evan T. Miller, 600 N. King Street, Suite 400, Wilmington, DE 19801.

1121(d)(1)(2)(A)–(B) of the Bankruptcy Code. 11 U.S.C. § 1121(d)(1)(2)(A)–(B). In support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory bases for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code, together with Bankruptcy Rule 9006(b)(1) and Local Rule 9006-2. Pursuant to Rule Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court would lack Article III jurisdiction to enter such final order or judgment absent the consent of the parties.

## BACKGROUND

2. On December 29, 2017 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned bankruptcy cases (collectively, the "**Chapter 11 Cases**"). On the same day, the Debtors filed a motion directing joint administration of the Chapter 11 Cases. On January 5, 2018, the Court entered an order directing the joint administration of the Chapter 11 Cases [D.I. 25].

3. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession. To date, no official committees have been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

4. The Debtors' exclusive periods to file and solicit a plan pursuant to Bankruptcy Code section 1121 were originally set to expire on April 30, 2018 and June 29, 2018, respectively. On April 9, 2018, the Debtors filed their first *Motion for an Order Extending Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section 1121(d) of the Bankruptcy Code* [D.I. 97], which motion was granted by this Court by order dated April 27, 2018 [D.I. 109]. Accordingly, the Debtors' exclusive periods to file and solicit a plan were extended to July 30, 2018 and September 28, 2018, respectively (the "**First Extension**").

5. On July 12, 2018, the Debtors filed their *Second Motion for an Order Extending Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section 1121(d) of the Bankruptcy Code* [D.I. 151], which motion was granted by order dated July 30, 2018 [D.I. 161]. Accordingly, the Debtors' exclusive periods to file and solicit a plan were extended to October 29, 2018 and December 27, 2018, respectively (the "**Second Extension**").

6. On October 26, 2018, the Debtors filed the *Third Motion for an Order Extending Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section 1121(d) of the Bankruptcy Code* [D.I. 213], which motion was granted by order dated November 14, 2018 [D.I. 224]. Accordingly, the Debtors' exclusive periods to file and solicit a plan were extended to January 28, 2019 and March 27, 2019, respectively (the "**Third Extension**").

7. On January 14, 2019, the Debtors filed the *Fourth Motion for an Order Extending Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereto Pursuant to Section 1121(d) of the Bankruptcy Code* [D.I. 255], which motion was granted by order dated January 30, 2019 [D.I. 267]. Accordingly, the Debtors' exclusive periods to file and solicit a plan were extended to April 29, 2019 and June 25, 2019, respectively (the "**Fourth Extension**").

**RELIEF REQUESTED**

8. By this Motion, the Debtors respectfully request, pursuant to section 1121(d) of the Bankruptcy Code, that: (a) the Exclusive Filing Period be extended through and including June 29, 2019; and (b) the Exclusive Solicitation Period be extended through and including August 29, 2019.[2] This is the Debtors' fifth request for an extension of the Exclusive Periods. The Debtors also request that such extensions be without prejudice to their rights to request further extensions or to seek other appropriate relief.

**BASIS FOR RELIEF REQUESTED**

**A.   Section 1121(a) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause"**

9. The exclusive periods under section 1121(b) of the Bankruptcy Code are intended to afford debtors the opportunity to propose a chapter 11 plan and to solicit acceptances of such plan without the deterioration and disruption to the debtors' business operations that might be caused by the filing of competing plans by non-debtor parties. In circumstances where, as here, the Exclusive Periods, as extended by the First, Second, Third, and Fourth Extensions, prove to be an insufficient time frame to confirm a meaningful chapter 11 plan, section 1121(d) of the Bankruptcy Code allows the Court to extend the Debtors' Exclusive Periods for "cause."

10. It is well established that the decision to extend the Exclusive Periods is left to the sound discretion of the Court and should be based upon the facts and circumstances of a particular case. *See 203 N. LaSalle St. P'ship v. Bank of Am., N.A.*, 1999 U.S. Dist. LEXIS 19425, *12 (N.D. Ill. 1999); *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

---

[2] Pursuant to Local Rule 9006-2, the Debtors' Exclusive Periods "shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order." Del. Bankr. L.R. 9006-2.

11.     When determining whether cause exists for an extension of the Exclusive Periods, courts have relied on a variety of factors, each of which may provide sufficient grounds for extending the periods. In making such a determination, courts have considered: (1) the size and complexity of the case; (2) the necessity of sufficient time to negotiate and prepare adequate information; (3) the existence of good faith progress toward reorganization; (4) whether the debtor is paying its debts as they come due; (5) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (6) whether the debtor has made progress in negotiating with creditors; (7) the length of time the case has been pending; (8) whether the debtor is seeking the extension to pressure creditors; and (9) whether unresolved contingencies exist. *See, e.g., Cont'l Cas. Co. v. Burns & Roe Enters., Inc.*, 2005 U.S. Dist. LEXIS 26247, at *11-12 (D.N.J. 2005); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002).

12.     The fifth extension requested by this motion is well within the range of similar extensions granted by courts in this district in similar circumstances. *See, e.g.*, *In re The Wet Seal, LLC, et al.*, No. 17-10229 (CSS) [D.I. 810] (Bankr. D. Del. June 14, 2018) (granting fifth extension of exclusive periods by approximately 60 days, to the full extent permitted by 11 U.S.C. § 1121); *In re TSAWD Holdings, Inc., et al.*, No. 16-10527 (MFW) [D.I. 3677] (Bankr. D. Del. June 20, 2017) (granting fifth extension of exclusive periods to file and solicit acceptances by approximately 70 and 100 days, respectively); *In re AgFeed USA, LLC, et al.*, No. 13-11761 (BLS) [D.I. 1313] (Bankr. D. Del. Aug. 21, 2014) (granting fifth extension of exclusive periods by approximately 100 days); *In re Berkline/BenchCraft Holdings, LLC, et al.*, No. 11-11369 (MFW) [D.I. 661] (Bankr. D. Del. May 16, 2012) (granting fifth extension of exclusive periods by approximately 60 days); *In re 3955 E Charleston Blvd, LLC, A Delaware Limited Liability Company*, No. 09-10027 (KG) [D.I. 256] (Bankr. D. Del. June 21, 2010) (granting fifth extension

of exclusive periods to the full extent permitted by 11 U.S.C. § 1121); *In re Accredited Home Lenders Holding Co., et al.*, No. 09-11516 (MFW) [D.I. 1381] (Bankr. D. Del. March 17, 2010) (granting fifth extension of exclusive periods to file and solicit acceptances by approximately 30 and 60 days, respectively).

13. The application of these factors to the facts and circumstances of these Chapter 11 Cases demonstrates that the requested extensions are both appropriate and necessary to afford the Debtors with time to complete the sale process currently underway in these Chapter 11 Cases.

### B. Cause Exists for an Extension of the Debtors' Exclusive Periods

#### i. The Size and Complexity of these Cases, As Well As the Pending Sale of the Debtors' Assets and Resolution of the Adversary Proceeding Necessitate Additional Time (Factors 1 and 2)

14. These Chapter 11 Cases have presented various complex and time-consuming issues, including: (1) communicating, and negotiating potential terms, with various lenders regarding DIP financing and a potential exit credit facility; (2) discussing other potential exit avenues with potential lenders; (3) defending and counter-prosecuting an adversary proceeding with creditor the Employees' Retirement System of the Government of the Virgin Islands ("**GERS**") regarding its status as a secured creditor (the "**Adversary Proceeding**"); (4) negotiating with GERS regarding its alleged ability to seek and obtain adequate protection regarding the Debtors' cash collateral motion; (5) pursue a sale of the Debtors' assets; and (6) attend to myriad other matters associated with this case. These issues have required the full focus of the Debtors and their professionals since the Petition Date. The Debtors' efforts throughout

these Chapter 11 Cases have been focused upon the execution of a comprehensive reorganization to maximize the value of the Debtors' assets for the benefit of their creditors.

15.     Specifically regarding the status of GERS's lien, the Debtors could not finalize an appropriate plan of reorganization while this issue remains unresolved. After the First Extension, the Debtors and GERS participated in a mediation on June 18, 2018 to attempt to reach a global resolution regarding the status of GERS's lien. Although the Debtors and GERS did not reach a resolution on the date of the mediation, negotiations continued until the filing of the Adversary Proceeding.

16.     On July 30, 2018, GERS initiated the Adversary Proceeding, which has required the Debtors to expend substantial resources. To date, the Debtors have filed an answer and counter-complaint in the Adversary Proceeding [Adv. Proc. No. 18-ap-50677, D.I. 3], exchanged and responded to significant discovery requests, and have recently completed a number of critical depositions. The Adversary Proceeding is now a major piece of these Bankruptcy Cases and litigation thereof has caused delay in the finalization of a confirmable plan of reorganization. Until such time as the Adversary Proceeding is resolved and GERS's distribution priority is determined (to the extent necessary given the succeeding paragraphs), any potential plan will have to account for the various contingencies that could arise from resolution of the Adversary Proceeding.

17.     On January 29, 2019, the Debtors filed *Motion Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 And 507 and Bankruptcy Rules 2002, 6004 and 6006 for (I) Entry of an Order (A) Establishing Bid and Auction Procedures Related to the Sale of Substantially All of the Debtors' Assets; (B) Approving Related Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Establishing Certain Notice Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned; and (E) Granting Related Relief; and (II)*

*Entry of an Order (A) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; and (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [D.I. 265] (the "**Sale Motion**") (a) proposing to sell assets owned by the Debtors (the "**Property**") free and clear of all liens, claims, or encumbrances thereon, except for certain assumed liabilities and permitted encumbrances specifically described in the proposed Purchase and Sale Agreement, and (b) seeking approval of certain bidding procedures (the "**Bid Procedures**") in connection therewith.

18.     On February 26, 2019, the Bankruptcy Court entered the *Order Pursuant to 11 U.S.C. §§ 105, 363, 365, 503 and 507 and Fed. R. Bankr. P. 2002, 6004, And 6006 (A) Establishing Bid and Auction Procedures for the Proposed Sale of Substantially All of the Debtors' Assets; (B) Approving the Purchase and Sale Agreement; (C) Approving Related Bid Protections; (D) Scheduling an Auction and a Sale Hearing and Approving Notice Thereof; (E) Approving Procedures for Determining Cure Amounts for Executory Contracts and Unexpired Leases to be Assumed and Assigned and Notice Thereof; and (F) Granting Related Relief* [D.I. 311] (the "**Bid Procedures Order**") approving the Bidding Procedures for the proposed sale of the Property.

19.     After holding an auction pursuant to the terms of the Bid Procedures, the Debtors designated Wells Fargo Bank, N.A., in its capacity as indenture trustee under that certain Indenture dated as of June 12, 2008, acting on behalf of and at the direction of Ensign Peak Advisors, Inc., as the successful bidder (the "**Winning Bidder**") pursuant to the terms of the final revised Credit Bid APA (the "**Winning Bid**"). *See* Notice of Winning Bidder [D.I. 370]. The Winning Bid proposes to, *inter alia*, purchase all of the Debtors' assets and resolve the Adversary Proceeding.

20.     The proposed sale of the Debtors' assets pursuant to the terms of the Winning Bid is scheduled to be considered by the Court at a hearing on May 1, 2019 at 2:00 p.m. (ET) (the

"**Sale Hearing**")—two days after the expiration of the Exclusive Filing Period. The proposed sale is scheduled to close three business days after entry of an Order approving the Winning Bid. In light of the anticipated contested nature of the upcoming Sale Hearing and out of an abundance of caution, the Debtors seek to preserve their exclusive plan filing rights through the end of the period permitted under section 1121 of the Bankruptcy Code to allow the imminent resolution of these Chapter 11 Cases to proceed.

      **ii.    The Debtors Have Made Substantial, Good-Faith Progress Toward an Ultimate Resolution of these Cases (Factors 3 and 5, 6, and 8)**

21.    Despite the delays caused by the Adversary Proceeding, the Debtors have made substantial progress in working towards finalizing a plan as well as consummating a sale. As noted in the motions for the Second, Third, and Fourth Extensions, the Debtors have contacted no fewer than nineteen lenders and discussed potential terms for DIP financing and an exit credit facility. Between the entry of the Court's order granting the Fourth Extension and the date hereof, the Debtors have made substantial progress toward ultimately resolving these Chapter 11 Cases through a sale of substantially all of the Debtors' assets. Given the pending sale of the Debtors' assets, it remains unclear whether the Debtors will ultimately need to file a plan of reorganization. Out of an abundance of caution, however, the Debtors seek the instant extension.

22.    The Debtors have no ulterior motive in seeking this fifth extension of the Exclusive Periods and are in no way seeking an extension to pressure creditors. Rather, the extensions are sought to finalize a plan that appropriately addresses the status of each of the Debtors' creditors and allocates the Debtors' resources accordingly, should it prove necessary.

23.    Out of an abundance of caution, extension of the Exclusive Periods for the purpose of confirming the plan without the distraction, cost, and delay of competing plans is completely

consistent with the goals of the Exclusive Periods. *See In re Texaco, Inc.*, 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988) (stating purpose of exclusivity is to enable debtors to negotiate plans without undue interruption).

### iii. The Debtors Have and Will Continue to Pay Postpetition Administrative Expenses as They Come Due (Factor 4)

24. Since filing these Chapter 11 Cases, the Debtors have taken numerous affirmative steps to reduce costs and ensure that administrative expenses are paid. The Debtors respectfully submit that, under the relevant facts and circumstances, the requested extension of the Exclusive Periods will not prejudice the legitimate interests of creditors, as the Debtors continue to make timely payment on their undisputed post-petition obligations.

### iv. The Debtors' Cases Have Been Pending for Approximately 16 Months (Factor 7)

25. As set forth above, the Debtors have made significant steps towards resolution of these cases. In light of the relatively short duration of these cases, especially given the complexity of the industry in which the Debtors operate and the ongoing dispute with GERS, and given the imminent conclusion of the Debtors' sale process, the Debtors submit that the requested extension is reasonable and appropriate.

### C. Allowing Exclusivity to Lapse Would Harm the Debtors' Estates

26. Termination of the Exclusive Periods would adversely impact the progress of these Chapter 11 Cases. Not extending, and thus terminating, exclusivity would permit any party in interest to propose a plan and frustrate the efforts to date of the Debtors and its principal stakeholders. This would foster a chaotic environment with no central focus and threaten the Debtors' efforts to maximize the value of the estates for the benefit of the Debtors' creditors.

27. Based upon the foregoing, the Debtors respectfully submit that cause exists in these cases to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

## **NOTICE**

28. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel: (i) the U.S. Trustee; (ii) the parties included on the Debtors' largest unsecured creditors list, and (iii) any parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: April 29, 2019<br>       Wilmington, Delaware | BAYARD, P.A.<br><br>*/s/ Evan T. Miller*<br>Evan T. Miller (No. 5364)<br>Sophie E. Macon (No. 6562)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>Telephone: (302) 655-5000<br>Facsimile: (302) 658-6395<br>E-mail: emiller@bayardlaw.com<br>         smacon@bayardlaw.com<br><br>- and - |
| B. Keith Poston *(admitted pro hac vice)*<br>NELSON, MULLINS, RILEY & SCARBOROUGH LLP<br>1320 Main Street<br>Columbia, SC 29201<br>Phone: (803) 255-9518<br>Facsimile: (803) 255-9038<br>E-Mail: keith.poston@nelsonmullins.com | Shane G. Ramsey *(admitted pro hac vice)*<br>John T. Baxter *(admitted pro hac vice)*<br>NELSON, MULLINS, RILEY & SCARBOROUGH LLP<br>150 Fourth Avenue, North, Suite 1100<br>Nashville, TN 37219<br>Phone: (615) 664-5355<br>Facsimile: (615) 664-5399<br>E-Mail: shane.ramsey@nelsonmullins.com<br>         john.baxter@nelsonmullins.com<br><br>*Counsel to the Debtors and Debtors in Possession* |